IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY | § § § | |
| VS. | § § | CIVIL ACTION NO. <u>19-4515</u> |
| HONG TRUONG AND TY NGUYEN | § § § | |

**PLAINTIFF UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff, **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY** ("Plaintiff" or "UPC") petitions this Court for declaratory judgment for the following under Homeowners' Policy Number 43100680331400 ("the Policy"): (1) there is no coverage due to the prejudice to UPC caused by Defendants' breach of its contractual obligations; (2) under the Policy, there is no coverage for damages to the subject property sustained prior to the inception of the property; (3) under the Policy, UPC has the right to conduct an examination under oath of Defendants; (4) under the Policy, UPC has the right to request and obtain documents in Defendants' possession regarding the damages their property sustained prior to the inception of the Policy; (5) under the Policy, UPC has the right to request and obtain documents in Defendants' possession regarding the damages that the subject property sustained prior to the inception of the Policy to establish proof of loss *before* participating in appraisal; (6) under the Policy, UPC is not required to issue payment for damages contained in any appraisal award for damages that the subject property sustained prior to the inception of the Policy; and (7) Defendants cannot use the appraisal clause contained in the Policy to appraise

damages that were caused by a weather event that preceded the inception of the Policy. In support of this Petition for Declaratory Judgment, Plaintiff would show as follows:

## I.
## PARTIES AND SERVICE

1.1. Plaintiff UPC is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business in Saint Petersburg, Florida.

1.2. Defendant Hong Truong is an individual that resides in Harris County, Texas and may be served with process at 260 McFarland Rd, Houston, Texas 77060.

1.3. Defendant Ty Nguyen is an individual that resides in Harris County, Texas and may be served with process at 260 McFarland Rd, Houston, Texas 77060.

## II.
## JURISDICTION AND VENUE

2.1. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In their presuit notice, Defendants alleged actual damages in the amount of $57,022.57 or $51,320.31, depending on the value basis, as well as $10,000 in attorney fees and costs. Because Defendants also alleged violations of the Texas Insurance Code, the amount in controversy is at least three times the allegation of actual damages due to the possibility of treble damages. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs."); *see, also HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 596 (E.D. Tex. 1996), *Theriot v.*

*Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719–20 (E.D. Tex. 2017), *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 536 (W.D. Tex. 2016).

2.2.     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of Texas and the defendants resides within this judicial district. Venue is also proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the underlying lawsuit giving rise to the claims at issue is in this judicial district.

2.3.     This action for a declaratory judgment is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and Federal Rule of Civil Procedure 57.

### III.
### RELEVANT FACTUAL BACKGROUND

3.1.     On May 9, 2019, Defendants' home was insured under a UPC homeowner's policy with policy number 43100680331400.  *See Exhibit 1*. The effective dates for the policy was October 15, 2018 to October 15, 2019.

3.2.     Defendants reported the loss on may 17, 2019, claiming damage resulting from an alleged weather event on May 9, 2019. Defendants reported water intrusion in certain rooms of the home. UPC assigned the claim with claim number 2019TX122608. UPC inspected the subject property on May 30, 2019, documenting the inspection with several photographs. *Exhibit 2*.  UPC found no covered damage to the roof, but found interior ceiling damage resulting from wind driven rain entering the home. *See Exhibit 3*. By written letter dated June 10, 2019, UPC informed the insured that the damages found were below their $5,000 deductible. *See Exhibit 4*.

3.3.     On July 22, 2019, the insured's attorney, Dick Law Firm, sent a letter of representation and a "formal notice of claim" to UPC. *See Exhibit 5* and *Exhibit 6*.

3.4. On July 31, 2019, by written letter, UPC issued its first request for information seeking, among other information, documents related to the Defendants' prior loss, for which they submitted a claim to First Community Insurance Company ("FCIC"), a signed sworn proof of loss, and demanding an examination under oath. *See Exhibit 7.* UPC also provided a reservation of rights letter. *See Exhibit 8.*

3.5. On August 6, 2019, Defendants provided UPC with an estimate allegedly supporting their claim for damages that allegedly were caused by a weather event of May 9, 2019. *See Exhibit 9.*

3.6. On September 12, 2019, by written letter, UPC issued its second request for information reiterating its request for documents that it had previously requested, as well as reiterating the demand for examinations under oath. *See Exhibit 10.*

3.7. Defendants' prior claim with FCIC was based on a date of loss of August 8, 2017 (Claim # 172996). FCIC inspected the property on August 14, 2017 and documented the inspection with several photographs. *See Exhibit 11* and *12*. On August 25, 2017, FCIC issued its settlement letter on the claim based on its inspection. *See Exhibit 13.*

3.8. On September 18, 2019, without complying with the Policy and failing to provide any information that UPC had twice requested, Defendants served its "Demand Letter and Invocation of Appraisal." *See Exhibit 14.* Defendants alleged actual damages in the amount of $57,022.57 (or perhaps $51,320.31 – depending on the value basis), as well as a demand of $10,000 in attorney fees and costs. *Id.* Defendants also invoked appraisal under the Policy, without having provided proof of loss, an examination under oath, and documents related to their previous claim with FCIC, all of which were twice requested by UPC. Each of these documents were required to establish proof of loss under the Policy with UPC.

3.9. Additionally, Defendants allege in their letter that they were providing notice pursuant to Section 17.505 of the Texas Insurance Code and Section 541.154 of the Texas Insurance Code. *Id*. However, despite implicitly acknowledging the applicability of Section 542A of the Texas Insurance Code, Defendants' letter fails to comply with same. In the event that Defendants assert counter-claims for alleged violations of the Texas Insurance Code, UPC pleads that it was entitled to a 60-day presuit notice in compliance with Section 542A of the Texas Insurance Code and did not receive same. As such, UPC asserts that Section 542A.007 of the Texas Insurance Code caps Defendants' claim for attorneys' fees, if any, at the point at which Defendants file counter-claims, if any.

## IV.
## DECLARATORY JUDGMENT ACTION

4.1. UPC incorporates by reference paragraphs 1.1-1.3, 2.1-2.3, and 3.1-3.9 of this complaint.

4.2. Defendants must comply with their Duties After Loss under the Policy, otherwise UPC has not duty to provide coverage if it suffers prejudice. The Policy contains the following obligations:

> **C. Duties After Loss**
>
> In case of loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, and insured seeking coverage, or a representative of either:
>
> …
>
> 5. Cooperate with us in the investigation of a claim;
>
> …
>
> 7. As often as we reasonably require:

      a. Show the damaged property;
      b. Provide us with records and documents we request and permit us to make copies;
      c. Submit to examination under oath, while not in the presence of another insured, and sign same.

*See Exhibit A.* As such, Defendants have failed to comply at least with the following contractual obligations under the Policy:

    (1) Defendants failed to cooperate with UPC in its investigation of the claim;

    (2) Defendants failed to submit to an examination under oath;

    (3) Defendants failed to provide a sworn proof of loss; and

    (4) Defendants failed to provide UPC with documents and records it reasonably requested.

    4.3.    As stated in Section I – Conditions, Paragraph Q., the Policy "applies only to loss which occurs during the policy period." *See Exhibit A.* Furthermore, under the endorsement entitled "Special Provisions – Texas," the following clause is added to Section I – Exclusions of the policy:

**12. Existing Damage**

      a. Damages which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date; or

      b. Claims or damages arising out of workmanship, repairs or lack of repairs arising from damage, which occurred prior to policy inception.

*See Exhibit A.*

    4.4.    Defendants' failure to comply with their contractual obligations has prejudiced UPC because the concealed information of Defendants' prior claim has stripped UPC of its contractual rights to deny coverage for damages that were caused by a prior loss preceding the

inception of the Policy in its claim decision. Defendants' failure to comply with their contractual obligations will prejudice UPC in appraisal because appraisal will be used to appraise damages that were caused by a prior loss preceding the inception of the Policy without consideration to the concealed information Defendants' possess regarding their prior claim.

4.5. Accordingly, UPC seeks declaratory judgment against Defendants for the following: (1) there is no coverage due to the prejudice to UPC caused by Defendants' breach of its contractual obligations; (2) under the Policy, there is no coverage for damages to the subject property sustained prior to the inception of the property; (3) under the Policy, UPC has the right to conduct an examination under oath of Defendants; (4) under the Policy, UPC has the right to request and obtain documents in Defendants' possession regarding the damages their property sustained prior to the inception of the Policy; (5) under the Policy, UPC has the right to request and obtain documents in Defendants' possession regarding the damages that the subject property sustained prior to the inception of the Policy to establish proof of loss *before* participating in appraisal; (6) under the Policy, UPC is not required to issue payment for damages contained in any appraisal award for damages that the subject property sustained prior to the inception of the Policy; and (7) Defendants cannot use the appraisal clause contained in the Policy to appraise damages that were caused by a weather event that preceded the inception of the Policy.

## V.
## MOTION TO COMPEL EXAMINATION UNDER OATH

5.1. UPC incorporates by reference paragraphs 1.1-1.3, 2.1-2.3, 3.1-3.9, and 4.1-4.5 of this complaint.

5.2. Defendants must comply with their Duties After Loss under the Policy, otherwise UPC has not duty to provide coverage if it suffers prejudice. The Policy contains the following obligations:

**C. Duties After Loss**

In case of loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, and insured seeking coverage, or a representative of either:

…

5. Cooperate with us in the investigation of a claim;

…

7. As often as we reasonably require:

   …

   c. Submit to examination under oath, while not in the presence of another insured, and sign same.

*See Exhibit A*. As such, UPC is entitled to conduct the examination under oath of both Defendants. UPC moves this Court to compel same.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** asks for declaratory judgment against Defendants declaring the following: (1) there is no coverage due to the prejudice to UPC caused by Defendants' breach of its contractual obligations; (2) under the Policy, there is no coverage for damages to the subject property sustained prior to the inception of the property; (3) under the Policy, UPC has the right to conduct an examination under oath of Defendants; (4) under the Policy, UPC has the right to request and obtain documents in Defendants' possession regarding the damages their property sustained prior to the inception of the Policy; (5) under the Policy, UPC has the right to request and obtain documents in Defendants' possession regarding the damages that the subject property sustained prior to the inception of the Policy to establish proof

of loss *before* participating in appraisal; (6) under the Policy, UPC is not required to issue payment for damages contained in any appraisal award for damages that the subject property sustained prior to the inception of the Policy; and (7) Defendants cannot use the appraisal clause contained in the Policy to appraise damages that were caused by a weather event that preceded the inception of the Policy. **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** also prays that this Court compel Defendants to submit to an examination under oath prior to any relief sought by Defendants, if any. **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** further prays for all other relief to which it may be justly entitled.

Respectfully Submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: */s/ Esteban Delgadillo*
James H. Hunter, Jr.
Attorney-in-Charge
Fed. ID No. 15703
Texas State Bar No. 00784311
55 Cove Circle
P. O. Box 3509
Brownsville, TX 78523-3509
Tel: (956) 542-4377
Fax: (956) 542-4370
Email: jim.hunter@roystonlaw.com
Email: esteban.delgadillo@roystonlaw.com
**ATTORNEYS FOR PLAINTIFF,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY**

**Of counsel:**
Esteban Delgadillo
Fed. ID No. 2149087
Texas State Bar No. 24087406
**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
P. O. Box 3509
Brownsville, TX 78523-3509
Tel: (956) 542-4377
Fax: (956) 542-4370
Email: esteban.delgadillo@roystonlaw.com